IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

STEVE J. ANDRE,

      Defendant.
                              /

No. C 11-04175 WHA

**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM**

## INTRODUCTION

In this student loan debt collection action, plaintiff United States moves to dismiss defendant's counterclaim due to lack of subject-matter jurisdiction. For the reasons stated below, plaintiff's motion is **GRANTED.**

## STATEMENT

Plaintiff filed its complaint in August 2011, seeking judgment against defendant Steve Andre for an outstanding federal debt in the amount of $5,616. Defendant is an attorney proceeding *pro se*. Defendant timely filed his answer denying indebtedness to plaintiff and counterclaiming for $10,000. Defendant's counterclaims allege that plaintiff's "agents and predecessors in interest knowingly reported and refused to remove false and damaging information on counterclaimant's credit history." In support of his counterclaim, defendant appends an exhibit showing his correspondence with AFSA, the private loan administrator, and the California Student Aid Commission between 1993 and 1996 (Ans. ¶¶ 2–3; Exh. 1).

1    In January 1993 defendant was notified by AFSA that his federal student loan account
2    was delinquent and had been reported to national credit bureaus. (Ans. Exh. 1 at 10).
3    In February 1993, defendant contacted AFSA demanding removal of a negative credit report.
4    Defendant's letter stated the report was made despite AFSA's representation that it would not
5    make such reporting so long as a payment was made. Defendant claimed he remitted a payment,
6    but was thereafter notified of a negative report. Defendant's letter further stated "no payments
7    will be made until any and all derogatory references on my credit history are removed," and that
8    "AFSA's conduct in wrongfully reporting is actionable under the Civil Code and may be the
9    subject of a civil suit if prompt attention is not given to this matter" (Ans. Exh. 1 at 11).

10   In early 1996 defendant contacted the California Student Aid Commission Post Default
11   Services Department alleging wrongful reporting allegations against AFSA. Defendant received
12   a response later that year, which stated that the California Student Aid Commission "found no
13   evidence that would show [the] loan defaulted in error or that there were any servicing errors on
14   the part of AFSA." In his reply letter, defendant alleged he had caught "AFSA repeatedly in lies
15   designed to perpetrate a fraudulent payment of the loan balance," that AFSA "repeatedly
16   confirmed that it was making a negative report" and that "AFSA lied to [defendant] and
17   damaged [defendant]'s credit history." Defendant alleged that AFSA, "in order to accomplish a
18   fraud on taxpayers," falsely claimed defendant had bounced checks and defaulted on his loan
19   (Ans. Exh. 1 at 7–8). Plaintiff advances two arguments in support of its motion to dismiss:
20   (1) defendant has not exhausted his administrative remedies under the Federal Tort Claims Act
21   ("FTCA"); and (2) the FTCA does not waive sovereign immunity with respect to defendant's
22   counterclaim.

23                                    **ANALYSIS**
24   **1.    STANDARD OF REVIEW.**
25    Pursuant to FRCP 12(b)(1), dismissal is appropriate when a court lacks subject-matter
26   jurisdiction. Jurisdiction is a threshold issue and a court is free to examine evidence beyond the
27   allegations in the complaint, as well as weigh the extrinsic evidence. *Roberts v. Corothers*,
28   812 F.2d 1173, 1177 (9th Cir. 1987). The party invoking the jurisdiction at issue has the burden

of proof. *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

### 2. PROCEDURAL REQUIREMENTS UNDER THE FTCA.

Defendant alleges plaintiff's agents "knowingly reported false and damaging information on [his] credit history" (Ans. 2). The most plausible reading of this claim is in tort. "[An] FTCA action against the Government [is] the exclusive remedy for torts committed by Government employees in the scope of their employment." *United States v. Smith*, 499 U.S. 160, 163, (1991). The FTCA is a limited waiver of the United States' sovereign immunity. "Sovereign immunity is jurisdictional in nature. Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA imposes procedural requirements prior to initiating a tort action against the United States:

> An action shall not be instituted upon a claim against the United States for money damages for injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . .

28 U.S.C. Section 2675(a). While state law governs the scope of the United States' substantive tort liability, federal statutory and common law determines whether a claim is *procedurally* barred or excluded under the FTCA. *Schwarder v. U.S.*, 974 F.2d 1118, 1127 (9th Cir. 1992).

Defendant argues that his counterclaim is not subject to the FTCA's procedural requirements because Section 2675(a) expressly exempts counterclaims from these procedural requirements. Our court of appeals has held that "counterclaims under the FTCA have been permitted only when the principal action by the United States was in tort and the counterclaim was compulsory in nature." *Spawr v. United States*, 796 F.2d 279, 281 (9th Cir. 1986). Because the principal action by the United States is in contract, not in tort, defendant's counterclaim does not fall under the 2675(a) exemption. Defendant's counterclaim is accordingly subject to procedural requirements.

3

At the hearing, defendant sought leave to amend his counterclaim to reduce the claim to reflect an offset not to exceed the amount of debt alleged by the government. Defendant cited the Fifth Circuit's decision in *Frederick v. United States* in support of this request. *Frederick* does not hold, however, that mere reduction of the amount of damages sought renders a counterclaim compulsory. The *Frederick* court instead accorded with the our court of appeals, finding that sovereign immunity is not waived for counterclaims "involving relief different in kind or nature to that sought by the government *or* in the sense of exceeding the amount of the government's claims." *Frederick v. United States*, 386 F.2d 481, 488 (5th Cir. 1967). Amendment to reduce defendant's tort claim would thus not render it exempt from the FTCA's procedural requirements.

Section 2675(a) requires "presentment of claims to the appropriate Federal agency." Our court of appeals has held that this is satisfied by "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Burns v .U.S.,* 764 F.2d 722, 724 (9th Cir. 1985). Failure to meet *either* of these requirements renders the presentment of claims deficient.

Defendant contends that his exhibit meets the procedural requirements of Section 2675(a) (Opp. 2). Nowhere in defendant's correspondence did he make reference to monetary relief. Accordingly, the "sum certain damages claim" requirement has not been met. Therefore, this order need not consider whether defendant's mailings could constitute written notice to the appropriate federal agency. Defendant has thus failed to sufficiently allege exhaustion of administrative remedies as required by Section 2675(a).

Moreover, any exhaustion of administrative remedies in the 1990s is no longer sufficient. Section 2401 imposes a statute of limitations on the time to file a civil complaint in a district court  following exhaustion of administrative remedies:

> A tort claim against the United States shall be forever barred . . .
> *unless action is begun within six months after the date of mailing,*
> *by certified or registered mail, of notice of final denial of the claim*
> *by the agency to which it was presented*.

An agency's failure to respond is deemed a final denial after a period of six months has elapsed. *Valadez-Lopez v. Cherto*, 656 F.3d 851, 856 (9th Cir. 2011).

4

Defendant's correspondence with the loan agencies is dated between 1993 and 1996. Accordingly, even if defendant's letters were sufficient to meet the 2576(a) procedural requirements, his tort claim would time-barred pursuant to Section 2401.

### 3. SECTION 2680(h).

In the alternative, defendant's counterclaim is dismissed because it is based on misrepresentation. Section 2680(h) preserves the United States' sovereign immunity for claims of misrepresentation and deceit. The misrepresentation exception applies to both negligent and willful misrepresentations. *U.S. v. Neustadt*, 366 U.S. 696, 702 (1961).

Defendant has conceded that his counterclaim is governed by Section 2680(h) (Opp. 2). This order agrees. Defendant alleges plaintiff's agents "caused false and damaging information to be reported on [defendant]'s credit history." Defendant further alleges plaintiff's agents "knowingly reported and refused to remove false and damaging information on [defendant]'s credit history." The gravamen of these allegations is deceit and misrepresentation. Thus, defendant's counterclaim is also barred by the misrepresentation exception to FTCA jurisdiction.

### 4. CONTRACT.

Defendant characterizes his counterclaim as "set forth in detail" in his 1996 letter (Ans. 2). It is possible that defendant is also alleging a breach of contract claim because the 1996 letter references violation of an oral agreement by AFSA, allegedly acting as agent of the United States, not to file a negative report, Section 1346(a)(2) governs non-tort claims against the

> United States: Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, *or upon any express or implied contract with the United States*, or for liquidated or unliquidated damages in cases not sounding in tort . . . .

28 U.S.C. 1346 (a)(2) (emphasis added). The applicable statute of limitations for non-tort actions against the United States is set forth in 28 U.S.C. Section 2401(a):

> Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.

5

Section 2401(a) is a "catchall" limitations statute and applies to all civil claims. *Nesovic v. U.S.*, 77 F.3d 776, 778 (9th Cir. 1995).

The latest date of accrual of defendant's right of action in contract occurred nineteen years ago, when he received notification of the alleged breach (Ans. Exh. 1 at 2). Accordingly, even if defendant's counterclaim lies in contract and not tort, it is nonetheless barred as untimely by Section 2401(a).

## CONCLUSION

For the stated reasons, plaintiff's motion to dismiss pursuant to FRCP 12(b)(1) is **GRANTED**. Any amendment would not cure the jurisdictional defects. Defendant's counterclaim is accordingly **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

Dated: March 6, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6