**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

STEVE J. ANDRE,

    Defendant.
_____/

No. C 11-04175 WHA

**ORDER DENYING MOTION FOR RECONSIDERATION RE MOTION TO DISMISS AND VACATING HEARING**

In this student-loan debt-collection action, defendant moves for reconsideration of an order dismissing his counterclaim (Dkt. No. 40). Defendant, an attorney proceeding *pro se*, failed to seek leave to file the instant motion as required by Civil Local Rule 7-9(a). Nevertheless, on review of the merits, this order finds the motion does not set forth any valid basis for reconsideration. Civil Local Rule 7-9(b) provides that a party moving for reconsideration must show:

> (1) That at the time of a motion for leave [to file a motion for reconsideration], a *material* difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new *material* facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider *material* facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

(emphasis added).

Instead of arguing any of the requirements for satisfying the motion for reconsideration, defendant seeks to re-allege his counterclaim as a recoupment or offset. The dismissal order expressly denied defendant's request for leave to amend his counterclaim to reduce the amount sought to an offset (Dkt. No. 40 at 3–4). That order found defendant's counterclaim was not compulsory in nature and thus not exempt from the FTCA's procedural requirements. Defendant provides no materially different facts or applicable law in support of his motion. Defendant does not allege a manifest failure by the Court to consider material facts or dispositive legal arguments. In fact, defendant again cites *Frederick v. United States*, 386 F.2d 481(5th Cir. 1967), which was discussed in the dismissal order.

Defendant's motion for leave to file a motion for reconsideration is accordingly **DENIED.** The hearing scheduled for May 10, 2010 is hereby **VACATED.**

**IT IS SO ORDERED.**

Dated: April 16, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2