IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVE ANDRE,

Defendant.

No. C 11-04175 WHA

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND VACATING HEARING**

In this action to recover on two defaulted student loans, the United States moves for summary judgment. Defendant Steve Andre, a licensed attorney proceeding *pro se*, opposes. For the reasons explained below, the motion is **DENIED**. The January 17 hearing is **VACATED**.

Denial of instant motion requires little analysis. Summary judgment is proper when the pleadings and the evidence in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). An issue is genuine only if there is sufficient evidence for a reasonable fact-finder to find for the non-moving party, and material only if the fact may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

Here, defendant disputes the authenticity of the promissory notes that undergird plaintiff's two claims for relief. Defendant states in a sworn declaration "under penalty of perjury" that he "has no recollection" of loans asserted by plaintiff and denies that the signatures on the promissory notes match his own (Dkt. No. 64 ¶ 3). Defendant further declares that the

student "loan or loans" that he took out as an undergraduate were from a different year than the promissory notes asserted by plaintiff (*see id.* ¶ 2).

Plaintiff does not address these contentions in its reply. Plaintiff does not appear to have taken the defendant's deposition yet, and plaintiff does not otherwise establish that defendant has filed a sham or perjurious declaration. On the present record, this order holds that defendant has raised a genuine issue of material fact as to whether the promissory notes are authentic. Accordingly, summary judgment is **DENIED**. The January 17 hearing is **VACATED**.

\*       \*       \*

Defendant, without explanation, filed his opposition to plaintiff's motion more than a week late. Although defendant is proceeding *pro se*, he is a licensed attorney who should have known better. Plaintiff requests that the late filing be disregarded. Doing so this first time would operate as a default on the merits, and this order finds that such a harsh sanction is not warranted. Defendant is admonished, however, to strictly adhere to all applicable deadlines and rules in the future on pain of default or other appropriate sanction.

**IT IS SO ORDERED.**

Dated: January 10, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE