CV11-4175 WHA

## Settlement

Defendant to Pay $5,616.00 to Plaintiff as follows:

Defendant to Pay to Plaintiff's counsel's office $2000— by March 15, 2013.

Thereafter, commencing April 15, 2013, defendant shall pay $200 per month, each payment due on the 15th day of each month, until the remainder of the $5,616 is paid in full. Payments to be payable to US Department of Justice.

If a default, Plaintiff's counsel may ~~submit~~ submit a declaration of default to cause a Judgment in the amount of $15,000.00 to be entered against Defendant in favor of USA. Each side to bear its own costs, but ~~jury costs to be~~ Plaintiff shall not be liable for Jury Fees.

Agreed

/s/

Dated: February 11, Scott J. Andree, Defendant
2013

/s/ Rubio Canlas
Rubio Canlas IRS
for the United States, Plaintiff

ONLY THE SECRETARY, NOT THE COURT, HAS DISCRETION TO DISCHARGE THE LOAN. *UNITED STATES V. WRIGHT* , 87 F. SUPP. 2D 464,466. (D. MD. 2000).

AN ALLEGED AFFIRMATIVE DEFENSE OF IDENTITY THEFT FAILS BECAUSE A DISCHARGE OF HIS LOAN OBLIGATION BASED UPON IDENTITY THEFT MUST BE OBTAINED FROM THE SECRETARY OF EDUCATION THROUGH THE ADMINISTRATIVE PROCEDURES OUTLINED IN THE CODE OF FEDERAL REGULATIONS, AND MAY NOT BE ASSERTED AS A DEFENSE IN A COLLECTION ACTION.

PLAINTIFF OBJECTS TO ANY TESTIMONY OR DOCUMENT CONTAINING ANY TERM OF THE ALLEGED AGREEMENT, OR ANY DISCUSSION OF THE AGREEMENT OR OF ALLEGED DAMAGES CAUSED BY AFSA'S ALLEGED BREACH OF THE ALLEGED AGREEMENT, AND ANY JURY INSTRUCTION REGARDING SUCH EVIDENCE, ON THE GROUND THAT THE PAROL EVIDENCE RULE PREVENTS DEFENDANT FROM OFFERING ANY EVIDENCE OF AN ORAL AGREEMENT BETWEEN HIM AND AFSA.  ACCORDINGLY, DEFENDANT'S ALLEGED DEFENSES OF WAIVER, LACHES, ESTOPPEL OR ANY DELAY BY PLAINTIFF; AND ANY JURY INSTRUCTION OR EVIDENCE RELATING TO AN IMPLIED COVENANT OF GOOD FAITH AND FAIL DEALING SHOULD BE EXCLUDED FROM DEFENDANT'S EVIDENCE.